# COURT OF APPEALS
# DECISION
# DATED AND FILED

## June 2, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP9-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. **2015CF3359**

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

MARK ANTHONY CULPEPPER,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and orders of the circuit court for Milwaukee County: JONATHAN D. WATTS, JEFFREY A. CONEN, and JOSEPH R. WALL, Judges. *Affirmed.*

Before Brash, P.J., Dugan and Donald, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Mark Anthony Culpepper appeals a judgment convicting him of one count of first-degree intentional homicide and one count of attempted first-degree intentional homicide, both as a party to a crime and while armed with a dangerous weapon. He also appeals orders denying his postconviction motion and motion for reconsideration.[1] Culpepper argues that (1) his trial counsel ineffectively represented him by failing to call two alibi witnesses to testify on his behalf during trial; (2) his trial counsel ineffectively represented him by failing to call an expert witness to testify about the unreliability of eyewitness identifications; (3) his trial counsel ineffectively represented him by failing to call an expert witness to testify about cell phone signal technology; (4) the circuit court erred in allowing the State's expert testimony about cell phones under *Daubert v. Merrell-Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); and (5) he was entitled to a postconviction motion hearing. Upon review, we affirm.

¶2     The testimony at trial included testimony from A.B. that on July 5, 2015, Culpepper shot Jon Jones, who died as a result of the shooting, and attempted to kill A.B. as the two men sat in a car parked in front of A.B.'s home. A.B. fled from the car during the shooting and later A.B. identified Culpepper as the shooter. A jury found Culpepper guilty of first-degree intentional homicide and attempted first-degree intentional homicide but acquitted him of unlawfully possessing a firearm after being convicted of a felony. Culpepper's trial counsel died six months after Culpepper's conviction. Culpepper filed a postconviction motion by newly appointed counsel, which the circuit court denied without a hearing. Culpepper then filed a motion to reconsider, which the circuit court again denied without a hearing.

---

[1] The Honorable Jonathan D. Watts presided over the trial. The Honorable Jeffrey A. Conen decided the first postconviction motion. The Honorable Joseph R. Wall decided the motion for reconsideration.

¶3 Culpepper argues that he received ineffective assistance of trial counsel. To prove a claim of ineffective assistance of counsel, a defendant must show that his or her lawyer performed deficiently and that this deficient performance prejudiced him or her. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient only if it falls "below … objective standard[s] of reasonableness." *State v. Carter*, 2010 WI 40, ¶22, 324 Wis. 2d 640, 782 N.W.2d 695 (citation omitted). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. To show prejudice, "the defendant must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Carter*, 324 Wis. 2d 640, ¶37 (citation omitted). A reviewing court may dispose of a claim of ineffective assistance of counsel on either ground. *Strickland*, 466 U.S. at 697.

¶4 Culpepper first argues that his trial counsel rendered constitutionally ineffective assistance because he did not call two alibi witnesses to testify on Culpepper's behalf during trial. Counsel timely filed a notice of alibi indicating that Culpepper was with Thomas Sherrod and Lenzy Washington at the time of the shooting. However, counsel decided not to call the witnesses during trial. The circuit court asked counsel about this decision:

> THE COURT: Defense, we now move to your case. You called Mr. [Thao]. The jury's heard him. Do you have other witnesses you're going to call other than your client for the moment?
>
> [Counsel]: We do not.
>
> THE COURT: I don't know how to ask this question politely, but I feel now after seeing perhaps ten or 20 cases of this nature where many years later someone says—well, witness X or witness Y should have been called and why

> didn't the defendant or the defense attorney call those witnesses. Are there any obvious witness[es] that you're— that you've considered and you're not calling?
>
> [Counsel]: There are witnesses that we considered, Judge, and for reasons that my client is aware of, those witnesses are deemed by us to be either unreliable in some respect or have—I'll just put it like this, Judge, we're not able to call witnesses that we considered calling for different reasons.
>
> THE COURT: All right. I do appreciate that discussion because I want people to understand that what we do here is reviewed later on.

¶5 This dialogue between the circuit court and Culpepper's counsel shows that counsel made a strategic decision not to call the two alibi witnesses after discussing the matter with Culpepper. Counsel explained to the court that, for reasons both he and Culpepper were aware of, the witnesses were deemed to be unreliable or not suitable. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]" *Id.* at 690. Culpepper has not explained *why* his trial counsel's strategic decision was flawed. Therefore, he has not overcome the presumption that his trial counsel's decision not to call the alibi witnesses was a reasonable exercise of professional judgment. *See id.* We reject this argument.

¶6 Culpepper next argues that his trial counsel performed ineffectively because he did not call an expert witness to testify about the unreliability of eyewitness identifications. In support, Culpepper presented to the postconviction court a report by Dr. Lawrence T. White, an expert on eye witness identifications, who addressed various factors applicable to this case that are statistically associated with elevated levels of mistaken identification, including the witness not previously being acquainted with the person identified, the witnesses being frightened or in a

stressful situation, the witness seeing the person for only a brief period of time, and the witness having imbibed intoxicants.

¶7   There are "countless ways to provide effective assistance in any given case." *See **Harrington v. Richter***, 562 U.S. 86, 106 (2011) (citation omitted). Rather than call an expert witness about the factors that affect the reliability of eyewitness identifications, counsel aggressively cross-examined A.B. regarding the circumstances surrounding A.B.'s identification of Culpepper as the shooter, bringing to the jury's attention factors that weakened the reliability of the identification.  Counsel's efforts were successful.  During cross-examination, A.B. acknowledged:  (1) that he had been smoking marijuana and drinking beer before the shooting; (2) that he and the victim were watching for police; (3) that the shooting frightened him; (4) that he ducked down and then fled; (5) that he did not look back as he ran from the car; and (6) that he considered himself to be in shock after the shooting.  Counsel's decisions about trial strategy are strongly presumed to be reasonable. *See **Strickland***, 466 U.S. at 690.  Culpepper has not shown that trial counsel rendered deficient performance by choosing to use cross-examination to attack the reliability of A.B.'s identification rather than calling an expert witness.

¶8   Culpepper next argues that he received ineffective assistance of counsel because trial counsel did not call an expert witness to impeach the State's cell phone signal expert witness, FBI Special Agent Daniel Harris.  Culpepper submitted to the postconviction court the report of an expert in digital forensics, who questioned the scientific soundness of Harris's testimony.

¶9   Culpepper's argument fails for the same reason as his prior argument about an expert witness failed.  Trial counsel used other means to impeach the State's cell phone expert.  Counsel brought the weaknesses in the cell tower expert

testimony to the jury's attention through thorough cross-examination. Through questioning, Agent Harris acknowledged that a cell phone call does not necessarily go to the closest cell phone tower, but rather, to the tower with the strongest signal. He acknowledged that cell records do not provide definitive information about where a cell phone is located and that the cell records did not show how far a phone was from a particular tower at a particular time. Agent Harris also testified that a phone call often stays with the first tower that picks it up, even as the person on the call moves to a different area. In short, cross-examination was sufficient to show the weaknesses in Agent Harris's testimony about Culpepper's location based on cell tower signaling. Based on the record before us, Culpepper has not shown that his trial counsel's performance was deficient.

¶10  Culpepper next argues that the circuit court erred in ruling that the cell tower location evidence was admissible under *Daubert*, 509 U.S. at 579. We reject this argument because cell phone signal technology evidence has repeatedly been found admissible in Wisconsin courts. *See State v. Cameron*, 2016 WI App 54, ¶26, 370 Wis. 2d 661, 885 N.W.2d 611. Culpepper asserts that the technical information Agent Harris provided to the jury was not properly peer reviewed as required by *Daubert* because the information came from cell phone company engineers and law enforcement personnel, such as the FBI, who specialize in cell phone signal technology. While Agent Harris's testimony was not based on academic peer-reviewed articles, *Daubert* imposes no such standard. Both law enforcement and cell phone companies have a stake in having accurate information about how cell phone towers function. Agent Harris's testimony was based on information corroborated by entities that have a stake in having accurate information about the technology. We reject Harris's argument that the evidence should have been excluded at the *Daubert* hearing.

6

¶11 Finally, Culpepper argues that he was entitled to a postconviction motion hearing. "A motion claiming ineffective assistance of counsel does not automatically trigger a right to a [postconviction] testimonial hearing[.]" *State v. Phillips*, 2009 WI App 179, ¶17, 322 Wis. 2d 576, 778 N.W.2d 157. Where, as here, a defendant fails to allege sufficient facts in his motion to show that he would be entitled to relief if those facts were established, the circuit court may deny a defendant's argument that he received ineffective assistance of appellate counsel without a hearing. *See id.* Therefore, the circuit court properly denied the postconviction motion and the motion for reconsideration.

*By the Court*.—Judgment and orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).